UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,
    Plaintiff,
    v.

Civil Action No.     2:09-CV-154

Andrew Pallito, State of Vermont,
    Defendants.

# REPORT AND RECOMMENDATION
(Docs. 8, 11)

Pro se plaintiff, James T. Burke ("Burke"), an inmate at Chittenden Regional Correctional Facility ("C.R.C.F."), commenced this action alleging that he has been and continues to be treated unlawfully at the correctional facility. (Doc. 4). Burke seeks equitable relief against defendants Andrew Pallito, the Commissioner of the Vermont Department of Corrections, and the State of Vermont, to remedy two ongoing conditions of confinement described in his complaint. *Id.* Pending before the Court, are motions to dismiss brought by each defendant pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 8 and 11). Defendant Pallito is also seeking to dismiss all claims brought against him in his individual capacity. (Doc. 8).

For the reasons outlined below, it is my recommendation that the defendants' motions be GRANTED, but that the plaintiff be given leave to amend his second claim.

## Background

The first part of the complaint alleges that the "C.R.C.F. staff are in violation of Health Dept. Rules by speaking over inmates [sic] food while it's in the main chow hall

1

food slot." (Doc. 4 at 3). The plaintiff claims to have notified prison officials and that a sign was put up in response, but that the condition still remains. *Id.* Burke's second claim concerns access to outside recreation. *Id.* In an attachment to the complaint, Burke asserts that the "[p]laintiff, nor any other inmates gets [sic] yard on a lawful basis." (Doc. 4-1).

With respect to both the first and second claim, Burke seeks only equitable relief. (Doc. 4 at 3). Specifically, with regard to his first claim, Burke seeks an order compelling the facility to follow "Health Dept. rules" in the course of food service. As to his second claim, Burke requests that the Court "order C.R.C.F. staff give inmates outside rec. on a lawful basis."

## Discussion

The complaints of *pro se* litigants are to be construed liberally and should be interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Such *pro se* considerations alleviate the need for detailed allegations, but they do not abrogate a defendant's right to have fair notice of the claims and grounds upon which they are based. *Durrani v. U.S.*, 2009 WL 211376, at *1 (D. Conn. Jan. 29, 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). "To survive dismissal, a complaint must plead enough facts to be plausible on its face." *Sylvester v. Sorrell*, 2009 WL 819383, at *3 (D. Vt. March 25, 2009) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008)). A claim is facially plausible when there is a "reasonable inference that [a] defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As the defendants have inferred in their motions, Burke appears to be claiming the deprivation of a constitutional right under 42 U.S.C. § 1983. Even with a generous interpretation of the alleged facts, only the plaintiff's second allegation might describe such a deprivation.

**A.  Health Code Violation Claim**

The plaintiff's statements regarding conditions in the chow hall lack the necessary factual allegations to create a plausible constitutional claim. Prison food must be nutritionally adequate and must be prepared and served under conditions that that do not present an immediate danger to the health and well being of the inmates who consume it. *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). In *Robles*, the Second Circuit reversed the dismissal of a prisoner complaint where the allegations indicated a significant and purposeful contamination of his food. *Id.* In that case, however, the Court found that "the complaint herein goes beyond alleging the deprivation of food and states that prison officials contaminated inmates' meals with 'dust, rocks, glass and human waste.'" *Id.* at 16. Burke's allegation is far more benign, and falls short of a constitutional claim of cruel and unusual punishment under the Eighth Amendment. A mere allegation of mishandling of food alone is insufficient to establish an Eighth Amendment claim. To state a cognizable claim under the Eighth Amendment, a plaintiff must allege a distinct and palpable injury. *Harris v. Ashlaw*, 2007 WL 4324106 at *5, (N.D.N.Y. Dec. 5, 2007).

Burke refers only to potential health violations, and those violations may provide him with an alternative remedy at the state level. But the Constitution cannot be used to

prevent the minor annoyances that are an inherent part of being imprisoned. *See Anderson v. Coughlin*, 757 F.2d 33, 36 (2d Cir. 1985) ("There are numerous aspects of prison confinement that have the potential for causing deleterious effects on the physical and mental well-being of prisoners [and] [t]he Eighth Amendment does not guarantee that all such effects will be prevented[.]"). Simply alleging that prison officials are "speaking over inmates [sic] food," does not approach a plausible constitutional claim. This claim should therefore be dismissed.

**B.     Recreation Claim**

The second allegation—relating to inadequate yard time—may support a legally cognizable claim. It is well established that the Constitution guarantees prisoners some opportunity for physical exercise. *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996). Nevertheless, the Courts of Appeals "have not found in the Eighth Amendment a broad license to require prison officials to meet all of the recreational standards that have been recommended by penologists." *Anderson*, 757 F.2d at 35. As currently drafted, Burke's complaint contains insufficient facts to infer a deprivation of the right to exercise. However, construing the complaint liberally, and assuming that the "yard" is the only place available to the plaintiff for exercise, Burke may be claiming that he is being denied constitutionally adequate access to recreation. Accordingly, while the motion to dismiss with respect to this claim should be granted, the Court should also grant leave to amend the complaint as discussed below.

C.    Leave to Amend

"When addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Burke v. Donovan*, 2009 WL 5214325, at *5 (D. Vt. Dec. 29, 2009) (citing *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002); Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."). The plaintiff's first set of allegations gives no indication of a valid claim. The recreational claim, however, alludes to a condition of imprisonment that *may* be unconstitutional if supported by sufficient factual allegations.

D.    Individual Capacity Claims

Finally, defendant Pallito moves to dismiss all claims against him in his individual capacity because Burke is only seeking injunctive relief. (Doc. 8 at 5). "With respect to [a plaintiff's] requests for declaratory and injunctive relief, such relief is unavailable in suits against officials in their individual capacities." *Stutes v. Tipton*, 540 F. Supp. 2d 516, 520 (D. Vt. 2008). The plaintiff's complaint indicates only that he wants the alleged conditions to stop. This kind of injunctive relief is not available against Pallito in his individual capacity, and this claim should therefore be dismissed.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motions to dismiss (Docs. 8 and 11) be GRANTED. I further recommend that the plaintiff be given 30 days leave to amend his complaint concerning the deprivation of outside recreational opportunities. The motion to amend must comport with Local Rule of Practice 15 and

should be filed within 30 days of the Court's order on this Report and Recommendation.

A failure to file a timely motion to amend should result in the dismissal of the case.

Dated at Burlington, in the District of Vermont, this 26th day of February, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).